


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICROSOFT CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 2:10-CV-3355-SLB** |
| | ) | |
| **COMPUTER AMERICA, L.L.C.; MADIAN KHOULY,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendant Madian Khouly's Motion to Dismiss. (Doc. 2.) Plaintiff Microsoft Corporation has sued defendants Khouly and Computer America, L.L.C., alleging that defendants infringed on plaintiffs' copyrights and trademarks, violated an injunction, violated the Lanham Act, and engaged in unfair competition. Defendant Khouly has moved to dismiss the claims against him on the ground that "he has not done business as an individual, related in any way to the allegations contains in Plaintiff's complaint." (Doc. 2 ¶ 10.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant Khouly's Motion to Dismiss, (doc. 2), is due to be denied.

The purpose of Motion to Dismiss is to test the facial sufficiency of the plaintiff's statement of claim for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court assumes the factual allegations in the complaint are true and gives plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *i.e.*, its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).[1]

Plaintiff's Complaint alleges that defendant Computer America is "an Alabama limited liability company doing business on the Internet and in Birmingham, Alabama." (Doc. 1 ¶ 2.) Also, it contends that defendant Khouly controls Computer America and that he has "(a) personally participated in and/or (b) had the right and ability to supervise, direct

[1]The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

and control the wrongful conduct alleged in this Complaint and [that he has] derived direct financial benefit from that wrongful conduct." (*Id.* ¶ 3.)

On October 30, 2007, plaintiff brought suit against defendants alleging infringement of Microsoft's copyrights and trademarks. *Microsoft Corp., v. Computer America, L.L.C.*, Case No. 2:07-CV-01988-SLB, doc. 1 (N.D. Ala. Oct. 30, 2007). The parties agreed to a Stipulated Permanent Injunction Against Defendants, which the court entered on January 16, 2009. *Id.*, doc. 28 (N.D. Ala. Jan. 16, 2009).[2]

---

[2]The Stipulated Permanent Injunction Against Defendants provides

> Pursuant to the stipulation of Plaintiff Microsoft Corporation ("Microsoft"), and Defendants Computer America, LLC, and Madian Khouly (collectively, "Defendants"), the Court hereby orders that Defendants, along with their directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them, shall be and hereby are **PERMANENTLY ENJOINED** and restrained from:
>
> (a) imitating, copying, or making any other infringing use or infringing distribution of software programs, components, end user license agreements ("EULA"), certificates of authenticity ("COAs"), or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:
>
> (1) 1,200,236 ("MICROSOFT");
> (2) 1,256,083 ("MICROSOFT");
> (3) 1,872,264 ("WINDOWS");
> (4) 2,744,843 (FLAG DESIGN);
> (5) 1,475,795 ("POWERPOINT");
> (6) 1,741,086 ("MICROSOFT ACCESS");
> (7) 2,188,125 ("OUTLOOK"); and
> (8) 2,999,281 (COLOR FOUR SQUARE LOGO);

or the software programs, components, EULAs, COAs, items or things protected by the following Certificate of Copyright Registration Nos.:

(1) TX 5-407-055 ("Windows XP Professional");
(2) TX 5-837-617 ("Office Professional 2003");
(3) TX 5-837-636 ("Office Excel 2003");
(4) TX 5-900-087 ("Office Outlook 2003");
(5) TX 5-852-649 ("Office PowerPoint 3003");
(6) TX 5-837-618 ("Publisher 2003");
(7) TX 5-900-088 ("Office Word 2003");
(8) TX 5-877-513 ("Business Contact Manager for Office Outlook 2003"); and
(9) TX 5-901-713 (Office Access 2003");

and any other works now or hereafter protected by any of Microsoft's trademarks or copyrights;

(b) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA, item or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks or service mark, including, but not limited to, the Trademark and Service Mark Registration Nos. listed in Paragraph (a) above;

(c) using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks or service mark including, but not limited to, the Trademark and Service Mark Registration Nos. listed in Paragraph (a) above, in connection with the manufacture, distribution, offering for distribution, sale, offering for sale, advertisement, promotion, or display of any software, component, EULA, COA, item or thing not authorized or licensed by Microsoft;

(d) using any false designation or origin or false description which can or is likely to lead the trade or public or individuals erroneously to believe that any software, component, EULA, COA, item, or thing has been manufactured, produced, distributed, offered for distribution, advertised, promoted, displayed, licensed, sponsored, approval, or authorized by or for Microsoft, when such

In its Complaint, plaintiff alleges:

> 12. Despite the prior lawsuit and injunction, in or about May 2010, Defendants distributed to an investigator computer systems with unauthorized copies of Windows XP installed.
>
> 13. On information and belief, this is not an isolated incident. Rather, Defendants have been and continue to be involved in advertising, marketing, installing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to unidentified persons or entities. On information and belief, Defendants' distributions of purported Microsoft software are the result of Defendants' advertising and marketing the availability of such materials.

---

> is in fact not true;
>
> (e) using the names, logos, or other variations thereof of any of Microsoft's copyright and/or trademark-protected software programs in any of Defendants' trade or corporate names;
>
> (f) engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit these trademarks, service mark, and/or copyrights or constituting any dilution of Microsoft's name, reputation, or goodwill; and
>
> (g) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) through (f) above.
>
> Microsoft and Defendants further stipulate that Defendants will provide written notice to Microsoft's counsel of any changes in the name and/or address of any software business that they own or operate, or by which they are employed.

*Microsoft Corp., v. Computer America, L.L.C.*, Case No. 2:07-CV-01988-SLB, doc. 28 (N.D. Ala. Jan. 16, 2009).

> 14. On information and belief, Defendants' wrongful conduct includes the advertising, marketing, installing, and/or distribution of "infringing materials," specifically reproductions, copies, or colorable imitations of Microsoft's copyrighted materials and/or the Microsoft trademarks, logos, and service mark described in this Complaint.
>
> 15. On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft. On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights and marks.
>
> 16. On information and belief, Microsoft has been harmed by the advertising activities, including the unauthorized use of Microsoft's copyright protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing. Through this conduct, Defendants have misappropriated Microsoft's advertising ideas and style of doing business and has infringed Microsoft's copyrights, titles, and slogans.
>
> 17. On information and belief, the injuries and damages that Microsoft has sustained have been directly and proximately caused by Defendants' wrongful misappropriation of Microsoft's advertising ideas and style of doing business and infringement of Microsoft's copyrights, titles, and slogans.

(Doc. 1 ¶¶ 12-17.)

Khouly's Motion to Dismiss consists of a single paragraph following his Answer; he states, "Defendant Madian Khouly alleges that he has not done business as an individual, related in any way to allegations contained in Plaintiff's complaint, and is due to be dismissed from this action." (Doc. 5 ¶ 10.) Plaintiff contends:

> Mr. Khouly may be held personally liable for Defendants' infringing conduct under three different theories. Mr. Khouly faces direct liability for personally participating in the distribution of infringing software. In addition, Mr. Khouly faces contributory and vicarious liability for Computer America's infringement because he is an officer, shareholder, and/or director of and owns, operates, or otherwise controls Computer America LLC. He had the

> right and ability to supervise, direct and control the infringing activities, and he derived direct financial benefit from the wrongful conduct at issue. Consequently, Mr. Khouly must not be dismissed from this action.

(Doc. 12 at 2.)

On a Motion to Dismiss, Khouly's allegation is not sufficient to challenge plaintiff's allegation, assumed to be true, that Khouly "personally participated in . . . the wrongful conduct alleged in [the] Complaint."[3] (Doc. 1 ¶ 3.) Plaintiff's allegations of wrongdoing by "defendants" – Computer America ***and*** Khouly – "suffice to 'raise a reasonable expectation that discovery will reveal evidence' satisfying the materiality requirement, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and to 'allo[w] the court to draw the reasonable inference that [Khouly] is liable for the misconduct alleged,' [*Ashcroft v.*] *Iqbal*, 556 U.S. [662], 129 S. Ct. [1937,] 1949 [(2009)]." *See Matrixx Initiatives, Inc. v. Siracusano* 131 S. Ct. 1309, 1323 (2011). Whether or not Microsoft will be able to ***prove*** its allegations of Khouly's liability is not before the court.

Therefore, defendant Khouly's Motion to Dismiss is due to be denied.

---

[3]The court notes that a verified pleading may be considered evidence, such as an affidavit, when based on personal knowledge. *See Horne v. Russell County Com'n*, 379 F. Supp. 2d 1305, 1323 (M.D. Ala. 2005)(citing *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 154 (5th Cir. 1965)). Khouly's Answer and Motion to Dismiss is not verified; therefore, it is not evidence of Khouly's participation or lack thereof.

**CONCLUSION**

For the foregoing reasons, the court is of the opinion that defendant Khouly's Motion to Dismiss is due to be denied. An Order denying defendant Khouly's Motion to Dismiss, (doc. 2), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 21st day of October, 2011.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE